**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEBRASKA**
**OMAHA DIVISION**

| | |
|---|---|
| In Re<br><br>**Kathleen M. Johnson, aka**<br>**Kathleen Magdaline Johnson, aka**<br>**Kathy Johnson,**<br>    Debtor.<br><br>**LSF8 Master Participation Trust, by**<br>**Caliber Home Loans, Inc., solely in its**<br>**capacity as servicer,**<br>    Movant.<br><br>v.<br><br>**Kathleen M. Johnson, aka**<br>**Kathleen Magdaline Johnson, aka**<br>**Kathy Johnson,**<br>    Debtor,<br><br>**Charles Johnson,**<br>    Co-Debtor,<br><br>and<br><br>**Kathleen Laughlin,** Trustee.<br>    Respondents. | Case No. 13-82458-TLS<br><br>Chapter 13<br><br>**MOTION FOR RELIEF FROM THE**<br>**AUTOMATIC STAY**<br><br>**MOTION WAIVES 30 DAY HEARING**<br><br>Kozeny & McCubbin, LC<br>12400 Olive Blvd., Suite 555<br>St. Louis, MO 63141<br>nebk@km-law.com |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND FROM THE CO-DEBTOR**
**STAY (REAL PROPERTY)**

**COUNT I**
**(MOTION FOR RELIEF FROM THE AUTOMATIC STAY)**

      LSF8 Master Participation Trust, by Caliber Home Loans, Inc., solely in its capacity as servicer ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor having an address of 13615 Boyd Strent, Omaha, NE 68164 (the "Property").  In further



support of this Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on November 22, 2013. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334 and NEGenR 1.5(a). This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2). Venue is proper in this District under 28 U.S.C. Section 1409(a).

2. A Chapter 13 Plan was confirmed on February 18, 2014.

3. The Debtor, Kathleen Johnson, and Co-Debtor, Charles Johnson, have executed and delivered that certain promissory note in the original amount of $245,741.97 (the "Note"). A copy of the note is attached hereto as Exhibit 1. Movant is an entity entitled to enforce the Note.

4. Pursuant to that certain Deed of Trust (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Debtor under the Note and Deed of Trust with respect to the Loan are secured by the Property. A copy of the Deed of Trust is attached hereto as Exhibit 2.

5. The legal description of the Property is set forth in the Deed of Trust, a copy of which is attached hereto, and such description is incorporated and made a part hereof by reference.

6. As of February 17, 2015, the outstanding Obligations are:


*KM9607046KM*

| | |
|---|---:|
| Unpaid Principal Balance | $198,844.56 |
| Unpaid, Accrued Interest | $2,006.45 |
| Uncollected Late Charges | $0.00 |
| Deferred Amounts | $74,618.58 |
| Taxes and Insurance Payments on behalf of Debtor(s) | $0.00 |
| Other Costs | $43,296.94 |
| **Less**: Partial Payments | ($0.00) |
| Minimum Outstanding Obligations | $318,766.53 |

7. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $850.00 in legal fees and $176.00 in costs. Movant reserves all rights to seek an award of allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and other applicable law.

8. The following chart sets forth the number and amount of postpetition payments due pursuant to the terms of the Note that have been missed by the Debtor as of February 17, 2015:

| Number of Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 2 | 12/28/2014 | 01/28/2015 | $2,342.27 | $4,684.54 |
| | | | Less postpetition partial payments: | ($4.40) |
| | | | Total: | $4,680.14 |

9. A postpetition payment history is attached hereto as Exhibit 3.

10. The fair market value of the Property is $198,500.00. The basis for such valuation is Schedule A of the Debtor`s Schedules. A copy of Schedule A is attached



hereto as Exhibit 4.

11. Upon information and belief, the aggregate amount of encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to the Movant, is $318,766.53.

12. Cause exists for relief from the automatic stay for the following reasons:

(a) Movant`s interest in the Property is not adequately protected.

(b) Postconfirmation payments required by the confirmed plan have not been made to Movant.

(c) Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

**WHEREFORE**, Movant prays that this court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite and conversion of the bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. For such other relief as the Court deems proper.



## COUNT II

## (MOTION FOR RELIEF FROM CO-DEBTOR STAY)

**COMES NOW** LSF8 Master Participation Trust, by Caliber Home Loans, Inc., solely in its capacity as servicer and its principals Successors and Assigns, and for Count II of its motion, requests relief from the Co-Debtor Stay as to Charles Johnson, ("Co-Debtor") and in support thereof alleges as follows:

1. Movant restates and re-alleges all of the allegations contained in Count I and incorporates them herein by this reference.

2. The following chart sets forth the number and amount of postpetition payments due pursuant to the terms of the Note that have been missed by the Co-Debtor as of February 17, 2015:

| Number of Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 2 | 12/28/2014 | 01/28/2015 | $2,342.27 | $4,684.54 |
| | | | Less postpetition partial payments: | ($4.40) |
| | | | Total: | $4,680.14 |

3. Pursuant to 11 U.S.C. § 1301(c)(2) and (3), on request of a party in interest and after notice and hearing, the Court shall grant relief from the Co-Debtor stay with respect to a creditor, to the extent that the plan filed by the Debtor proposes not to pay such claim; or such creditor`s interest would be irreparably harmed by continuation of such stay.

4. Movant asserts that Movant will incur irreparable harm by continuation of the Co-Debtor stay imposed by 11 U.S.C. § 1301, in that the loan is post-petition



delinquent. As such, grounds exist for granting relief from the Co-Debtor stay as to Charles Johnson, effective immediately upon entry of the Order.

**WHEREFORE**, LSF8 Master Participation Trust, by Caliber Home Loans, Inc., solely in its capacity as servicer respectfully prays this Court:

Enter an Order granting relief from the automatic stay, finding that the fourteen (14) day stay period pursuant to Rule 4001(a)(3) shall be inapplicable; authorizing Movant to exercise its rights under the Note and Deed of Trust and applicable non-bankruptcy laws; authorizing Movant to pursue its state court remedies for possession of the subject real estate; authorizing Movant to at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement; authorizing Movant to contact the Debtor via telephone or written correspondence to offer such an agreement, which shall be non-recourse unless included in a reaffirmation agreement; and for such other orders as the Court deems appropriate.

Respectfully submitted,

/s/Jonathon B. Burford
Jonathon B. Burford, #59337
Attorneys for Movant
12400 Olive Blvd., Suite 555
St. Louis, MO 63141
Phone: (314) 991-0255
Fax:  (314) 567-8019
nebk@km-law.com


*KM9607046KM*

I certify that a true copy of the Above Pleading was served either electronically or via first class mail on February 25, 2015, upon the following parties:

Kathleen M. Johnson
Debtor
13615 Boyd St.
Omaha, NE 68164

Charles Johnson
Co-Debtor
13615 Boyd Street
Omaha, NE 68164

Burke Smith
Attorney for Debtor
10730 Pacific Street
Suite 100
Omaha, NE 68114

Kathleen Laughlin
Trustee
13930 Gold Circle, Suite 201
Omaha, NE 68144

Office of the US Trustee
U.S. Trustee
111 South 18th Plaza, Suite 1148
Omaha, NE 68102

/s/ Christina Buck
    Christina Buck



LENDER (called "We", "Us", "Our")
HOUSEHOLD FINANCE CORPORATION III
786 N 114TH ST
OMAHA NE 68154

BORROWERS (called "You", "Your")          LOAN NO:
JOHNSON, KATHLEEN
SS#
JOHNSON, CHARLES
SS#
13616 BOYD STRENT
OMAHA NE 68164

| DATE OF LOAN | FIRST PAYMENT DUE DATE | OTHERS | FINAL PAYMENT DUE DATE | CONTRACT RATE (per year) |
|---|---|---|---|---|
| 06/24/2002 | 07/24/2002 | SAME DAY OF EACH MONTH | 06/24/2032 | 11.010 % |

| AMOUNT FINANCED | PRINCIPAL |
|---|---|
| $ 227,999.40 | $ 245,741.97 |

| | POINTS | | OFFICIAL FEES |
|---|---|---|---|
| | $ 17,742.57 | | $ .00 |

| LIFE INS PREMIUM | DISABILITY INS PREMIUM |
|---|---|
| $ NONE | $ NONE |

| FIRST INSTALLMENT | MONTHLY INSTALLMENT | TERM PERIOD |
|---|---|---|
| $ 2,342.27 | $ 2,342.27 | 360 |

YOU ARE GIVING US A SECURITY INTEREST IN THE REAL ESTATE LOCATED AT THE ABOVE ADDRESS.

REQUIRED INSURANCE. You must obtain insurance for term of loan covering security for this loan as indicated by the word "YES" below, naming us as Loss Payee:

YES    Title insurance on real estate security.
YES    Hazard insurance on real estate security.

You may obtain any required insurance from anyone you choose and may assign any other policy of insurance you own to cover the security for this loan.
(See "Security" paragraph above for description of security to be insured.)

NOTICE: THE FOLLOWING PAGES CONTAIN ADDITIONAL CONTRACT TERMS.

## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 2 of 3)

PAYMENT. In return for your loan described below, you agree to pay us, the Principal and Interest computed at the Contract Rate (as stated on page one), and any monthly insurance premium, if elected. Principal is Amount Financed, plus Points. You shall pay us monthly payments, at our business address or other address given you. If more than one Borrower is named on page one, we may enforce this Contract against all, or any Borrowers, but not in a combined amount greater than the amount owed. Payments are applied in the following order: late charges, interest at the Contract Rate for the actual time outstanding, Principal, and insurance. For any past due amounts, payments will be applied to the most delinquent monthly installment first, in the same order shown above, until all past due monthly installments are paid in full.

DATE ON WHICH INTEREST BEGINS. If you do not cancel this loan, the date on which Interest begins, payment dates, and effective date of insurance purchased are postponed by the number of days from this contract's date to date you receive this loan.

ADJUSTMENT TO CONTRACT RATE. The Contract Rate, as shown on page one, will decrease by one half of one percent (.50%) at the end of the 3rd year (36th month), the 4th year (48th month) and the 5th year (60th month) (collectively the "Rate Reduction"), if all payments are made within 30 days of their due date, and you have not filed a petition under the U.S. Bankruptcy Code during the months preceding the Rate Reduction. The Rate Reduction will take effect no later than the first payment due date following the 36th, 48th, and 60th month anniversary dates from the date of the contract. Even if the rate is decreased, the monthly payment will not be adjusted, thus the total loan amount will be paid in full sooner than the final payment due date shown above, assuming all payments are made on their due date. Notwithstanding anything to the contrary in this paragraph, if, before any Rate Reduction, any payment is made more than 30 days after the due date, or you have filed a petition under the U.S. Bankruptcy Code, you will not receive the Rate Reduction following such event.

PAY-OUTS. You agree to pay-outs of Amount Financed as shown on Truth-In-Lending disclosure form. If pay-outs change because loan closing is delayed, (a) you shall pay additional amounts due at closing, or (b) your cash or check will be reduced to cover additional pay-outs.

PREPAYMENT. You may prepay your loan at any time. If you fully prepay before the final payment due date, the amount you owe will be reduced by unearned credit insurance charges, if any. The Points are fully earned when this loan is made, and you will not receive a refund of that part of the Finance Charge consisting of Points.

LATE CHARGE. If you don't pay any payment in full in 10 days after it's due, you will also pay 5% of the unpaid amount of such payment.

BAD CHECK CHARGE. We will charge you a fee of $15 if any payment check is returned because of insufficient funds or is otherwise dishonored. You agree that we may deduct this charge from a monthly payment.

SECURITY. You agree to give us a security interest in the real estate as described in the Mortgage/Deed of Trust.

PROPERTY INSURANCE:

A. YOUR OBLIGATION TO INSURE. You shall keep the structures located on the real property securing this loan insured against damage caused by fire and other physical hazards, name us as a loss payee and deliver to us a loss payable endorsement. If insurance covering the real property is cancelled or expires while the loan is outstanding and you do not reinstate the coverage, we may obtain, at our option, hazard insurance coverage protecting our interest in the real property as outlined below.

B. LENDER'S RIGHT TO PLACE HAZARD INSURANCE. You authorize us, at our option, to obtain coverage on the Property in an amount not greater than the outstanding balance of principal and interest on the loan or, if known to be less, the replacement value of the Property, in the event that you fail to maintain the required hazard insurance outlined above or fail to provide adequate proof of its existence. You authorize us to charge you for the costs of this insurance and add the insurance charges to your loan. The Insurance charges will be added to the unpaid balance of the loan which accrues interest at the Contract Rate. The addition of the insurance charges due might increase the amount of your final installment. The cost of Lender placed hazard insurance might be higher than the cost of standard insurance protecting the property. The Lender placed insurance will not insure the contents of the property or provide liability coverage. The insurance might not be the lowest cost coverage of its type available and you agree that we have no obligation to obtain the lowest cost coverage. We or an affiliated company might receive some benefit from the placement of this insurance and you will be charged for the full cost of the premium without reduction for any such

**NOTICE:  THE FOLLOWING PAGE CONTAINS ADDITIONAL CONTRACT TERMS.**

benefit. If at any time after we have obtained this insurance, you provide adequate proof that you have subsequently purchased the required coverage, we will cancel the coverage we obtained and credit any unearned premiums to your loan.

DEFAULT. If you don't pay on time or fail to keep any required insurance in force, or if permitted in the event of default under the Mortgage/Deed of Trust, (1) all your payments may become due at once and, (2) without notifying you before bringing suit, we may sue you for the entire unpaid balance of Principal and accrued Interest and (3) any judgment in our favor may include our reasonable attorney's fee and court costs as determined by the court. You agree that, should we obtain judgment against you, a portion of your disposable earnings may be attached or garnished (paid to us by your employer), as provided by Federal law. You agree to pay interest on any judgment at the Contract Rate.

CREDIT REPORTING AND CUSTOMER INFORMATION PRACTICES. If you fail to fulfill the terms of your credit obligation, a negative report reflecting on your credit record may be submitted to a Credit Reporting Agency. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you. You agree that our supervisory personnel may listen to telephone calls between you and our representatives in order to evaluate the quality of our service to you. For more information regarding our privacy practices, please refer to our Privacy Statement, which is included with your loan documents.

ALTERNATIVE DISPUTE RESOLUTION AND OTHER RIDERS. The terms of the Arbitration Agreement and any other Riders signed as part of this loan transaction are incorporated into this Agreement by reference.

APPLICABLE LAW. This loan is made under the provisions of the Installment Loan Laws, Chapter 45, Section 45-138, Revised Statutes of Nebraska and we are exercising the powers permitted by Section 45-101.04 of Chapter 45.

INSURANCE. Optional credit insurance and any required insurance disclosures are attached to this Agreement and are incorporated herein by reference.

NOTICE: 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. Except as may otherwise be permitted by law, you may prepay the unpaid balance at any time without a penalty, and may be entitled to receive a refund of unearned charges in accordance with law.

YOU HAVE RECEIVED A COMPLETE COPY OF THIS AGREEMENT AND THE TRUTH-IN-LENDING DISCLOSURES.

BORROWERS:
_____(SEAL)
_____(SEAL)
_____(SEAL)
WITNESS:
_____

# ALLONGE TO NOTE

| | |
|---|---|
| Caliber Document ID#: | ▮▮▮▮ |
| Account Number: | ▮▮▮▮ |
| Allonge to Note Dated: | 6/24/2002 |
| And Executed by: | **KATHLEEN JOHNSON** |
| | **CHARLES JOHNSON** |
| Property Address: | **13615 BOYD STREET** |
| | **OMAHA, NE  68164** |
| Loan Amount: | **$245,741.97** |
| Pay to the order of: | **LSF8 MASTER PARTICIPATION TRUST** |
| Without recourse: | **HOUSEHOLD FINANCE CORP III, BY CALIBER HOME LOANS, INC., AS ATTORNEY IN FACT** |
| By: | *Amy Schroeder* |
| Title: | **Authorized Signatory** |

# ALLONGE TO NOTE

| | |
|---|---|
| Caliber Document ID#: | ███ |
| Account Number: | ███ |
| Allonge to Note Dated: | 6/24/2002 |
| And Executed by: | **KATHLEEN JOHNSON** |
| | **CHARLES JOHNSON** |
| Property Address: | **13615 BOYD STREET** |
| | **OMAHA, NE  68164** |
| Loan Amount: | $245,741.97 |
| Pay to the order of: | _____ |

| | |
|---|---|
| Without recourse: | **LSF8 MASTER PARTICIPATION TRUST, BY ITS TRUSTEE U.S. BANK TRUST, N.A., THROUGH CALIBER HOME LOANS, INC., AS ATTORNEY IN FACT FOR THE TRUSTEE** |
| By: | *Amy Schroeder* |
| Title: | **Authorized Signatory** |

BK 7220 PG 723-727

MTG 2002 21325

RICHARD N. TAKECHI
REGISTER OF DEEDS
DOUGLAS COUNTY, NE

2002 JUN 26 PM 12: 44

RECEIVED

(Space

(Page 1 of 5)

## DEED OF TRUST

☐ IF BOX IS CHECKED, THIS DEED OF TRUST IS OPEN-END AND SECURES FUTURE ADVANCES.

THIS DEED OF TRUST is made this __24TH__ day of __JUNE__, 20__02__, among the Grantor, CHARLES C. JOHNSON AND KATHLEEN M. JOHNSON, HUSBAND AND WIFE

(herein "Borrower"), AMERICAN PIONEER TITLE INSURANCE COMPANY
(herein "Trustee") and the Beneficiary, HOUSEHOLD FINANCE CORPORATION III
a corporation organized and existing under the law of __DELAWARE__ whose address is 788 N 114TH ST, OMAHA, NE 68154
(herein "Lender").

The following paragraph preceded by a checked box is applicable.

[X] WHEREAS, Borrower is indebted to Lender in the principal sum of $ __245,741.97__ evidenced by Borrower's Loan Agreement dated __JUNE 24, 2002__ and any extensions or renewals thereof including those pursuant to any Renegotiable Rate Agreement (herein "Note"), providing for monthly installments of principal and interest, including any adjustments to the amount of payments or the contract rate if that rate is variable with the balance of the indebtedness, if not sooner paid, due and payable on __JUNE 24, 2032__;

☐ WHEREAS, Borrower is indebted to Lender in the principal sum of $ _____, or so much thereof as may be advanced pursuant to Borrower's Revolving LoanAgreement dated _____ and extensions and renewals thereof (herein "Note"), providing for monthly installments, and interest at the rate and under the terms specified in the Note, including any adjustments in the interest rate if that rate is variable, and providing for a credit limit stated in the principal sum above and an initial advance of $ _____;

TO SECURE to Lender the repayment of the indebtedness, including future advances, evidenced by the Note with interest thereon at the applicable contract rate (including any adjustments to the amount of payment or contract rate if that rate is variable) and other charges; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the convenants and agreements of Borrower herein contained, Borrower, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust with power of sale, the following described property located in the County of __DOUGLAS__ State of Nebraska

LOT 213 HILLSBOROUGH A SUBDIVISION IN DOUGLAS COUNTY,
NEBRASKA
TAX MAP OR PARCEL ID NO.: 1295042913

FEE 25.50  FB 71-1653C
BKP_____ C/O_____ COMP_____
DEL_____ SCAN_____ FV_____

CERTIFIED COPY
PAGE
BK M 723

Household Finance Corporation III
788 N. 114th Street
Omaha, NE 68154

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note, including any variations resulting from changes in the contract rate, and other charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law and only if requested in writing by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of the yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. **Application of Payments.** Unless applicable law or the Note provide otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note at the applicable contract rate, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by the Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 19 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law. Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the applicable contract rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower and all other parties who are or hereafter become secondarily liable shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Lender under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The applicable law contained in the Note shall control. Where no applicable law is contained therein, the state and local laws of the jurisdiction in which the Property is located shall apply except where such laws conflict with Federal law; in which case, Federal law shall apply. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses," and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust, requested, at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property.** If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) a transfer by devise, descent or by operation of law upon the death of a joint tenant, (c) the grant of any leasehold interest of three years or less not containing an option to purchase, (d) the creation of a purchase money security interest for household appliances, (e) a transfer to a relative resulting from the death of a Borrower, (f) a transfer where the spouse or children of the Borrower become an owner of the property, (g) a transfer resulting from a decree of dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse of the Borrower becomes a

03-28-02 DOT

NE00795

*[CERTIFIED stamp]* PAGE Pg 725

owner of the property, (h) a transfer into an inter vivos trust in which the Borrower is and remains a beneficiary and which does not relate to a transfer of rights of occupancy in the property, or (i) any other transfer or disposition described in regulations prescribed by the Federal Home Loan Bank Board, Borrower shall cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. Borrower will continue to be obligated under the Note and this Deed of Trust unless Lender releases Borrower in writing.

If Lender does not agree to such sale or transfer, Lender may declare all of the sums secured by this Deed of Trust to be immediately due and payable. If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 12 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, or as otherwise required by law, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including Borrower's failure to pay, by the end of ten (10) calendar days after the date they are due, any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 20 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all costs and expenses incurred in pursuing the remedies provided in this paragraph 17 to the extent permitted by applicable law.

If Lender invokes the power of sale, Lender or Trustee shall mail copies of a notice of sale in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Trustee shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property to any later time on the same date by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's fees and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the fifth day before the sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees to the extent permitted by applicable law; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver, shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Deed of Trust, and, if this Deed of Trust secures a Revolving Loan Agreement, Borrower requests Lender to release this Deed of Trust, Lender shall cause this Deed of Trust to be released without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. **Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Deed of Trust is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

22. **Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address.

23. **Arbitration Rider to Note.** The Arbitration Rider attached to and made a part of the Note is hereby incorporated by reference and made a part of this Deed of Trust.

REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____(SEAL)
CHARLES C. JOHNSON
- Borrower

_____(SEAL)
KATHLEEN M. JOHNSON
- Borrower

STATE OF __NEBRASKA__ )
                      ) SS.
COUNTY OF __DOUGLAS__ )

On this __24TH__ day of __JUNE__ 20 __02__ before me personally appeared __CHARLES C. JOHNSON AND KATHLEEN M. JOHNSON, HUSBAND AND WIFE__ to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that __THEY__ executed the same as __THEIR__ free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the __COUNTY__ and State aforesaid, the day and year first above written.

My term expires:

_____
Notary Public

GENERAL NOTARY-State of Nebraska
JOYCE R. RESCH
My Comm. Exp. Nov. 2, 2004

REQUEST FOR RECONVEYANCE

TO TRUSTEE:

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Date:_____

———————————— (Space Below This Line Reserved For Lender and Recorder) ————————————

Return To:
Records Processing Services
577 Lamont Road
Elmhurst, IL 60126

03-28-02 DOT                                                                                        NE007955

State of Nebraska         )
County of Douglas         )
I, RICHARD N TAKECHI, Register of
Deeds of Douglas County do hereby
certify the above and foregoing instrument
is a true and correct copy of the records
in the office of said Register of Deeds.
Date_____11-18-03_____
By_____BA_____

Register of Deeds

| Post Petition Pay History | | | | | | |
|---|---|---|---|---|---|---|
| Exhibit 3 | | | | | | |
| Payment Due Date | Amount Due | Date Funds Received | Amount Received | Date Funds Applied | Total Amount Applied | Suspense |
| 11/28/13 | $2,342.27 | 11/27/13 | $2,342.27 | 11/27/13 | $2,342.27 | $0.00 |
| 12/28/13 | $2,342.57 | 12/26/13 | $2,342.27 | 12/26/13 | $2,342.27 | $0.00 |
| 01/28/14 | $2,342.57 | 01/27/14 | $2,342.27 | 01/27/14 | $2,342.27 | $0.00 |
| 02/28/14 | $2,342.57 | 02/27/14 | $2,342.27 | 02/27/14 | $2,342.27 | $0.00 |
| 03/28/14 | $2,342.57 | 03/27/14 | $2,342.27 | 03/27/14 | $2,342.27 | $0.00 |
| 04/28/14 | $2,342.57 | 04/25/14 | $2,342.27 | 04/25/14 | $2,342.27 | $0.00 |
| 05/28/14 | $2,342.57 | 05/28/14 | $2,342.27 | 05/28/14 | $2,342.27 | $0.00 |
|  |  | 06/30/14 | $1,733.70 |  |  | $1,733.70 |
| 06/28/14 | $2,342.57 | 07/28/14 | $1,767.15 | 07/28/14 | $2,342.27 | $1,158.58 |
| 07/28/14 | $2,342.57 | 08/26/14 | $1,767.15 | 08/26/14 | $2,342.27 | $583.46 |
| 08/28/14 | $2,342.27 | 09/30/14 | $1,767.15 | 09/30/14 | $2,342.27 | $8.34 |
|  |  | 10/28/14 | $1,755.26 |  |  | $1,763.60 |
| 09/28/14 | $2,342.27 | 11/17/14 | $1,755.87 | 11/17/14 | $2,342.27 | $1,177.20 |
| 10/28/14 | $2,342.27 | 12/22/17 | $1,755.87 | 12/22/14 | $2,342.27 | $590.80 |
| 11/28/14 | $2,342.27 | 01/26/15 | $1,755.87 |  | $2,342.27 | $4.40 |
| 12/28/14 | $2,342.27 | Due |  |  |  | $4.40 |
| 01/28/15 | $2,342.27 | Due |  |  |  | $4.40 |
|  |  |  |  |  |  | $4.40 |
|  |  |  |  |  |  | $4.40 |
|  |  |  |  |  |  | $4.40 |
| Totals | $35,136.45 |  | $30,453.91 |  | $30,449.51 | $590.80 |

**B6A (Official Form 6A) (12/07)**

**IN RE** Johnson, Kathleen M. _____ Case No. **8:13-bk-82458**
                              Debtor(s)                                              (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Residence located at 13615 Boyd Street, Omaha, Nebraska 68164**<br>**Valuation based on assessed value**<br>**Legal Description per Douglas County Assessor: Hillsborough Lot 213 Block 0 65x125**<br>**Property is jointly owned by Debtor and her Non-Filing Spouse** | | | 198,500.00 | 245,000.00 |
| | | **TOTAL** | **198,500.00** | |

(Report also on Summary of Schedules)

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only